J-S15029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KEVIN JOHNSON :
:
Appellant : No. 1700 EDA 2017
:

Appeal from the PCRA Order January 27, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000679-2010,
CP-51-CR-0000681-2010

BEFORE: STABILE, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.: **FILED APRIL 26, 2018**

Appellant, Kevin Johnson, appeals *pro se* from the January 27, 2017 Order entered in the Philadelphia County Court of Common Pleas dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

On September 16, 2009, Philadelphia Police Officers Theresa Brooks and Dave Wright were on patrol in a marked police vehicle when they saw Appellant robbing Adam Tann at gunpoint outside a store. When the officers pulled over, Appellant fled. Officer Wright pursued Appellant on foot, while Officer Brooks remained with Mr. Tann. As Officer Wright pursued Appellant, Appellant pointed his gun at him, which caused Officer Wright to discharge his weapon several times without hitting Appellant. Appellant hid in a side yard

of a house, where Officer Hull,[1] who was nearby with the mobile crime unit, found him. Officer Hull saw that Appellant had a bulge in his right pants pocket and arrested him. Officer Hull searched Appellant and found a photo identification card, a social security card, and a cell phone belonging to Mr. Tann. Officers Brooks and Wright positively identified Appellant as the individual who they had seen rob Mr. Tann at gunpoint.

On December 8, 2010, Appellant entered into a negotiated guilty plea[2] to Robbery, Aggravated Assault of a Police Officer, Carrying a Firearm Without a License, Possessing an Instrument of Crime, and Resisting Arrest.[3] The court accepted Appellant's plea and sentenced him to an aggregate sentence of 10 to 20 years' imprisonment.

Appellant did not file a direct appeal from his Judgment of Sentence. On June 29, 2011, he filed a *pro se* PCRA Petition, alleging that his plea counsel, Attorney Coley O'Brien, was ineffective, thereby causing him to enter an involuntary and unknowing guilty plea. Appellant also challenged the legality of the court's sentence, as well as the weight and sufficiency of the evidence.

---

[1] Officer Hull's first name does not appear in the record.

[2] Appellant entered his guilty plea to the Robbery charge at Docket Number CP-51-CR-0000679-2010, and his guilty pleas to the remaining charges at CP-51-CR-0000681-2010. In exchange for his guilty plea, the Commonwealth agreed to *nolle pros* numerous other charges.

[3] 18 Pa.C.S. §3701(a)(1)(ii); 18 Pa.C.S. § 2702(a); 18 Pa.C.S. § 6106(a)(1); 18 Pa.C.S § 907(a); and 18 Pa.C.S. § 5104, respectively.

On December 7, 2011, the PCRA Court appointed Attorney Norman Scott to represent Appellant. On February 25, 2015, the court substituted Attorney Henry Sias as counsel.[4] On July 28, 2016, Attorney Sias filed a Motion to Withdraw as Counsel and a **Turner**/**Finley**[5] no-merit letter, further developing the issues raised by Appellant in his *pro se* PCRA Petition, and concluding that those issues were frivolous.[6]

Appellant did not file a response to counsel's Motion and **Turner**/**Finley** no-merit letter.

On November 7, 2016, the PCRA Court filed a Pa.R.Crim.P. 907 Notice advising Appellant of its intent to dismiss his Petition. On November 23, 2016, Appellant filed a response to the court's Rule 907 Notice. In his Response, Appellant informed the court that he had asked his counsel to include a claim that his plea counsel was ineffective: (1) for failing to object to the trial court's

---

[4] In its Pa.R.A.P. 1925(a) Opinion, the court explains that Attorney Scott's failure to submit filings largely caused the case to languish "for four years without significant development." PCRA Ct. Op., 11/8/17.

[5] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[6] Specifically, counsel notified the court that Appellant claimed his plea counsel was ineffective for failing to: (1) ensure that Appellant's plea was knowing, intelligent, and voluntary, and that he understood all of its implications; (2) provide him with his discovery, sentencing notes of testimony, and plea colloquies; (3) file a suppression motion; (4) locate an exculpatory witness; (5) file an appeal based on sufficiency and weight of the evidence; and (6) object to the imposition of an illegal sentence. **Turner**/**Finley** Letter, 7/28/16, at 2.

alleged misstatement of the elements of Aggravated Assault; and (2) because the facts alleged by the Commonwealth, and acknowledged by Appellant at his plea colloquy, were not sufficient to support a conviction for Aggravated Assault because Appellant "merely pointed a firearm at Officer [David] Wright." Response to Rule 907 Notice, 11/7/16, at 2, 7. Appellant also raised a claim that his PCRA counsel was ineffective for "failing to amend [Appellant's] PCRA [P]etition to include the above issues as requested." *Id.* at 4. *See also id.* at 10.

On December 20, 2016, Attorney Sias filed an Amended *Turner*/*Finley* no-merit letter, in which he developed the ineffective assistance of plea counsel issues raised by Appellant in his Response to the Rule 907 Notice, and concluded that they were frivolous. Attorney Sias did not address Appellant's claim that he was ineffective for not filing an Amended PCRA Petition.

On January 27, 2017, the PCRA court filed an Order dismissing Appellant's Petition and granting Attorney Sias's Motion to Withdraw as Counsel. Appellant did not file a Notice of Appeal from this Order.

On April 18, 2017, the PCRA court docketed a letter from Appellant in which he indicated that he had not received notice of the Order dismissing his PCRA Petition until March 28, 2017. In response, the PCRA court entered an Order on April 24, 2017 reinstating Appellant's appellate rights *nunc pro tunc*.

On May 8, 2017, Appellant filed a *pro se* appeal from the January 27, 2017 Order dismissing his PCRA Petition.[7]

Appellant raises the following issues on appeal:

1. Was trial counsel constitutionally ineffective for failing to object to the lower court's misstatement of the elements of the offense for Aggravated Assault, graded as a felony of the first degree, and for facilitating the entry of an unknowing, involuntary, or unintelligent plea because there was no factual basis established on the record that would support a conviction for Aggravated Assault, graded as a felony of the first degree?

2. Was PCRA counsel ineffective for filing a "no merit" letter instead of amending Appellant's *pro se* PCRA Petition to include the above meritorious issues?

Appellant's Brief at 4.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).

Appellant alleges that his trial counsel provided ineffective assistance. To obtain PCRA relief on that basis, a petitioner must prove by a preponderance of the evidence that the conviction resulted from "[i]neffective assistance of counsel which, in the circumstances of the particular case, so

_____

[7] The PCRA court did not order Appellant to file a Rule 1925(b) Statement. On November 8, 2017, the court filed a Rule 1925(a) Opinion in Support of Order.

undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). In analyzing claims of ineffective assistance of counsel, we presume that trial counsel was effective unless the PCRA petitioner proves otherwise. *Commonwealth v. Williams*, 732 A.2d 1167, 1177 (Pa. 1999).

In order to succeed on a claim of ineffective assistance of counsel, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's performance lacked a reasonable basis; and (3) that the ineffectiveness of counsel resulted in the appellant suffering prejudice. *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). To establish the prejudice prong, the petitioner must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness. *Commonwealth v. Rollins*, 738 A.2d 435, 441 (Pa. 1999). Appellant bears the burden of proving each of these elements, and his "failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009).

"[A]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Willis*, 68 A.3d 997, 1001-02 (Pa. Super. 2013) (citation omitted). "A plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature

and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." ***Commonwealth v. Reid***, 117 A.3d 777, 783 (Pa. Super. 2015). Thus, even if there were an omission or defect in the guilty plea colloquy, we will not deem a plea of guilty invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea. ***Commonwealth v. Fluharty***, 632 A.2d 312, 315 (Pa. Super. 1993).

Once a defendant has entered a guilty plea, Pennsylvania law presumes that he "was aware of what he was doing[,]" and places "the burden of proving otherwise" on him. ***Commonwealth v. Yeomans***, 24 A.3d 1044, 1047 (Pa. Super. 2011) (internal quotation marks and citation omitted). Furthermore, a defendant need not "be totally pleased with the outcome of his decision to plead guilty, only that his decision be voluntary, knowing[,] and intelligent. ***Commonwealth v. Pollard***, 832 A.2d 517, 524 (Pa. Super. 2003).

This Court has held that "a plea will not be invalidated premised solely on the plea court's failure to outline the elements of the crimes at the oral colloquy." ***Commonwealth v. Morrison***, 878 A.2d 102, 108 (Pa. Super. 2005).

In his first issue, Appellant advances two distinct, but interrelated, arguments in support of his claim that his plea counsel was ineffective. We address them together. First, Appellant claims his plea counsel was ineffective for failing to object to the trial court's alleged misstatement of the elements

of the offense for Aggravated Assault. Appellant argues that counsel failed to object to the court's error in omitting from the description of Aggravated Assault during the plea colloquy that the bodily injury caused by Appellant be "serious" to qualify as first-degree felony Aggravated Assault. He argues that, this omission rendered his plea unknowing and unintelligent. Second, Appellant claims that, had the case gone to trial, the Commonwealth's evidence, would have been insufficient to support any allegation of attempting "serious" bodily injury because he "merely" pointed a gun at Officer Wright.

In its Rule 1925(a) Opinion, the PCRA court concluded that these claims lacked merit. We agree. The transcript from Appellant's guilty plea hearing supports the trial court's conclusion that Appellant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea. The plea judge conducted a thorough colloquy of Appellant before accepting his guilty plea. ***See generally*** N.T. Guilty Plea Hrg., 12/8/10.

Specifically, the court colloquied Appellant about the nature of the charges to which he pleaded guilty, the factual basis of the plea, Appellant's awareness of his right to a jury trial and the possible sentence range he faced if convicted of the charged offenses, and his awareness that the plea agreement was not binding unless the trial judge accepted it. ***Id***. Appellant specifically confirmed that he understood the nature of the proceedings and the guilty plea. Appellant also availed himself of the opportunity to ask the

court for clarification about the RRRI program and the mandatory minimum sentence. *Id.* at 26.

In addition, Appellant also swore on his written plea colloquy that his counsel had explained the elements of the charged crimes and that he was satisfied with counsel's representation. *See* Written Plea Colloquy, 12/8/10.

Although the Notes of Testimony confirm that court omitted "serious" from its description of "bodily injury" during the plea hearing,[8] given the totality of the circumstances, this defect does not invalidate Appellant's plea. *See generally* N.T. Guilty Plea Hrg., 12/8/10.

In its Opinion, the PCRA court cited *Commonwealth v. Holley*, 945 A.2d 241 (Pa. Super. 2008), to support its observation that "in order to sustain an aggravated assault conviction, the Commonwealth need not prove that the victim actually sustained serious bodily injury; the Commonwealth need only prove the defendant's **intent** to do so, which can be proven using purely circumstantial evidence." PCRA Ct. Op. at 9 (emphasis in original). The court concluded that if Appellant had not pleaded guilty to Aggravated Assault of a Police Officer "there was ample circumstantial evidence for a jury to have found that [Appellant] acted with specific intent to cause serious bodily harm" to Officer Wright where Appellant "was fleeing from a gunpoint robbery he had just committed, and he was aware that multiple police officers had witnessed him pointing the gun at Adam Tann." *Id.* at 9-10. The court emphasized that

---

[8] *See* N.T. Guilty Plea Hrg., 12/8/10, at 14.

the facts, as admitted by Appellant, indicated that he "brandished the gun in such a way as to cause Officer Wright to discharge his own service weapon at [Appellant] multiple times, which may have been the sole reason [Appellant] did not shoot[]" at Officer Wright  *Id.* at 10.  Accordingly, Appellant's contention that his plea was not voluntary is without merit and his claim of ineffective assistance of counsel, thus, fails.

In his second issue, Appellant avers that his PCRA counsel was ineffective for filing a **Turner**/**Finley** no-merit letter instead of amending Appellant's *pro* se PCRA Petition.[9]  Appellant's Brief at 23-24.  Because Appellant's underlying issue, as analyzed above, lacks merit, we disagree that Appellant's PCRA counsel was ineffective.  **See Commonwealth v. Taylor**, 933 A.2d 1035, 1042 (Pa. Super. 2007) ("Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim.").

Thus, this issue likewise fails.

Order affirmed.

---

[9] We observe that, as a general rule, claims alleging ineffectiveness of PCRA counsel may not be raised for the first time on appeal from the dismissal of the PCRA petition.  **Commonwealth v. Colavita**, 993 A.2d 874, 893 n.12 (Pa. 2010).  However, here, as noted **supra**, Appellant challenged his PCRA counsel's effectiveness in his Response to Rule 907 Notice.  **See Commonwealth v. Ford**, 44 A.3d 1190, 1200 (Pa. Super. 2012) (stating that "issues of PCRA counsel effectiveness must be raised in a serial PCRA petition or in response to a notice of dismissal before the PCRA court.").  Thus, Appellant preserved this claim for our review.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/26/18